UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAZMIN YADIRA MITCHELL,<br><br>                     Plaintiff,<br>v.<br><br>LELAND DUDECK, Acting Commissioner of Social Security,[1]<br><br>                     Defendant. | Case No. 3:23-cv-00655-ART-CLB<br><br>ORDER |

Plaintiff Yazmin Yadira Mitchell appeals the Commissioner's denial of her application for Title II Social Security Disability Benefits. Before the Court is Mitchell's motion to remand (ECF No. 11) and Magistrate Judge Carla Baldwin's report and recommendation ("R&R") (ECF No. 16). The R&R recommends that the Court deny Mitchell's motion for remand and affirm the Commissioner's decision. For the reasons identified below, the Court adopts the R&R in part and rejects it in part, and grants the motion to remand.

I. **BACKGROUND**

    **A. Procedural History**

The following relevant facts are taken from the R&R. (ECF No. 16 at 5–6.) Mitchell filed an application for disability benefits in 2018, alleging a disability onset date of February 2, 2018. (AR 21, 61, 77.) The Social Security Administration denied her application initially and upon reconsideration in 2019. (AR 60 -121.) After an administrative hearing in 2020, the administrative law judge ("ALJ") found that Mitchell was not disabled. (AR 21–31.) Mitchell appealed that decision, and the parties stipulated to voluntary remand. (AR 1455–69.) After a second

---

[1] Leland Dudeck, the current Acting Commissioner of Social Security, is substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

hearing in 2023, a different ALJ found that Mitchell was not disabled because she could perform past relevant work. (AR 1356–81.) Mitchell appealed that decision to this Court.

**B. ALJ Decision**

In its October 2023 decision, the ALJ determined that Mitchell was not disabled. (AR 1365–81.) At step one of the five-step disability evaluation process, the ALJ found that Mitchell had not engaged in substantial gainful activity since February 2, 2018, the alleged onset date. (AR 1368.) At step two, the ALJ concluded that Mitchell had the following four severe impairments: lumbar degenerative disc disease post surgery, peripheral neuropathy of lower extremity, hypertension, and asthma. (*Id.*) The ALJ concluded that Mitchell's other reported impairments—major depressive disorder and generalized anxiety disorder—were not severe. (AR 1368–69.) At step three, the ALJ determined that Mitchell did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 1369–70.)

Next, the ALJ considered medical opinions and other evidence to determine Mitchell's residual functional capacity ("RFC"). The ALJ found that Mitchell had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> [T]he claimant can walk 1 hour in an 8-hour day and 1 block at a time. The claimant can stand 1 hour in an 8-hour day. The claimant can sit 6 to 8 hours in an 8-hour workday and she needs to stand for 1 to 2 minutes after every 30 minutes to stretch. The claimant can occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; and never climb ladders, ropes, or scaffolds. The claimant can tolerate frequent temperature extremes, frequent pulmonary irritants, and frequent hazards, but have no exposure to vibration.

(AR 1370.) Based on this finding, the ALJ found that Mitchell could perform her past relevant work as an administrative assistance and human resources clerk. (AR 1379–80.)

## II. LEGAL STANDARD

### A. Disability Evaluation Process

ALJs apply a five-step evaluation process to determine whether a claimant qualifies as disabled. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). The five-step inquiry addresses the following questions: "(1) whether the claimant presently works in substantial gainful activity; (2) whether the claimant's impairment, or a combination of impairments, qualifies as severe; (3) whether the impairment, or combination of impairments, equals an impairment listed in the regulations; (4) whether the claimant's residual functional capacity allows her to perform her past relevant work; and (5) whether significant numbers of jobs exist in the national economy that the claimant can perform." *Popa v. Berryhill*, 872 F.3d 901, 905–06 (9th Cir. 2017); *see* 20 C.F.R. § 404.1520(a)(4).

### B. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A reviewing court must affirm the Commissioner's decision if it is "supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (citation omitted). The court considers the evidence in its entirety, weighing both the evidence that supports and that detracts from the ALJ's

conclusion." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198. However, the court may only consider the reasons provided by the ALJ in the disability determination and "may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010.

### III. DISCUSSION

In her motion to remand, Mitchell argues that the ALJ: (1) improperly evaluated the medical opinion of Rebecca Goodspeed, PA-C in making the RFC determination; (2) improperly found Mitchell's mental impairments to be non-severe at step two and failed to account for her mental functioning in the RFC; and (3) improperly evaluated Mitchell's subjective complaints in the RFC. (ECF No. 11.) The R&R found that: (1) the ALJ properly evaluated the medical of Rebecca Goodspeed; (2) the ALJ properly evaluated Mitchell's mental impairments; and (3) the ALJ properly evaluated Mitchell's subjective complaints. (ECF No. 16.)

Mitchell objects only to the R&R's finding on the first issue: whether the ALJ properly evaluated the medical opinion of Rebecca Goodspeed. (ECF No. 17.) The Court reviews that portion of the R&R *de novo*. Because Mitchell does not object to the other two findings of the R&R, the Court adopts those.

**A. Whether the ALJ Properly Evaluated Rebecca Goodspeed's Medical Opinion**

Mitchell contends that the ALJ's RFC determination is not supported by substantial evidence and is the product of legal error because the ALJ improperly evaluated the medical opinion of Rebecca Goodspeed, PA-C. (ECF No. 11 at 7–11.) She argues that, despite finding some limitations articulated in Goodspeed's opinion to be persuasive, the ALJ did not incorporate those limitations in the RFC or provide a reason for doing so. (*Id.*)

4

RFC is "what [one] can still do despite [one's] limitations." *Garrison*, 759 at 1011; 20 C.F.R. § 416.945(a)(1). RFC is "based on all the relevant evidence in [the] case record." 20 C.F.R. § 416.945. "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The "most important factors" in assessing medical opinions are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

"[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The ALJ must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, and "explain how [it] considered the supportability and consistency factors" in reaching these findings. *Id.* (citing 20 C.F.R. § 404.1520c(b)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (citing 20 C.F.R § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

Here, the ALJ found some portions of Goodspeed's opinion persuasive and other portions not persuasive. The ALJ considered Goodspeed's opinion as follows:

> PA Goodspeed found mild limitation in feeling on the right foot, and moderate limitation for sitting, standing, walking, lifting, carrying and bending (19F/10). Additionally, she found the claimant can stand and walk less than 2 hours, sit 6 hours, occasionally lift and carry 10 pounds, frequently lift and carry 10 pounds, does not need to alternate sitting and standing, never stoop, occasionally climb ramps and stairs, occasionally balance, frequently kneel, crouch and crawl (19F/12). *The mild to moderate limitations are not persuasive because they are too vague. The other limitations are persuasive* because they are supported by the examination.

> PA Goodspeed measured the claimant's specific abilities and found that decreased strength and sensation of the right foot warranted the standing and walking limitation. She also observed that the claimant was able to squat and rise with ease and go from sitting to standing and on and off the table without assistance and without difficulty. In addition to being supported by Dr. Goodspeed's examination, the other limitations are generally consistent with the overall record including exam signs at Dr. Song's office and at Sweetwater [Pain and Spine Center] (e.g., 43F/50; 53F/5).

(AR 1377–78 (emphasis in original).)

The ALJ found that the "other limitations," including, as relevant here, the limitations of "never stoop[]ing" and "stand[ing] and walk[ing] less than 2 hours" were persuasive. (*Id.*) In doing so, the ALJ explained that these "other limitations" were "supported by Dr. Goodspeed's examination" and "generally consistent with the overall record." (*Id.* at 1378.)

Despite finding these "other limitations" persuasive, the ALJ did not incorporate all of them into the RFC. Mitchell argues that the ALJ erred by not incorporating two specific restrictions into the RFC: Goodspeed's opinion that Mitchell can "stand and walk less than 2 hours" and her opinion that Mitchell can "never stoop." (ECF No. 11 at 8–9.) The commissioner argues that the ALJ "incorporated nearly all of PA Goodspeed's restrictions" and even assessed a more restrictive RFC in some respects. (ECF No. 14 at 17.) The R&R found that the RFC's divergence from Goodspeed's recommendation in its finding that Mitchell could "occasionally stoop" was supported by substantial evidence and that all other limitations in the RFC were either the same or more restrictive than Goodspeed's findings. (ECF No. 16 at 11.)

The RFC's limitation of "occasionally stooping" constitutes an implicit rejection of Goodspeed's opinion that Mitchell can "never stoop." That limitation was among the "other limitations" which the ALJ found persuasive and the ALJ did not identify any reasons to discount Goodspeed's opinion on this issue. (AR 1377–78.) The ALJ erred in implicitly rejecting that opinion without providing an

6

explanation supported by substantial evidence. *See, e.g., Durr v. Saul*, No. 218CV01907APGNJK, 2020 WL 625308, at *5 (D. Nev. Jan. 24, 2020), *report and recommendation adopted*, No. 218CV01907APGNJK, 2020 WL 620655 (D. Nev. Feb. 10, 2020) (finding error where the ALJ gave significant weight to a medical opinion but implicitly rejected that opinion's finding that plaintiff could carry out only one- and two-step instructions by failing to include it in the RFC); *Striet v. Berryhill*, No. 317CV00673MMDWGC, 2019 WL 386227, at *8 (D. Nev. Jan. 11, 2019), *report and recommendation adopted*, No. 317CV00673MMDWGC, 2019 WL 383996 (D. Nev. Jan. 30, 2019) (same); *Brown v. Comm'r of Soc. Sec. Admin.*, No. CV-21-01259-PHX-DLR, 2022 WL 17090408, at *2 (D. Ariz. Nov. 21, 2022) (finding error where the ALJ found persuasive and incorporated "nearly all" of a doctor's opinions about plaintiff's limitations into the RFC but did not include a limitation on bathroom breaks or provide a reason for doing so).

Mitchell argues that the RFC also implicitly rejects Goodspeed's limitations on standing and walking. (ECF No. 17 at 2–3.) The commissioner argues that the RFC is in fact more restrictive than Goodspeed's limitation. (ECF No. 18 at 5.) The RFC allows for "walk[ing] 1 hour in an 8-hour day" and "stand[ing] 1 hour in an 8-hour day." (AR 1370.) Goodspeed's opinion, which the ALJ found persuasive, stated that Mitchell could "stand and walk less than 2 hours." (AR 1377, 832.) Because the language of both Goodspeed's opinion and the RFC is ambiguous, it is not clear whether the ALJ also rejected Goodspeed's opinion on this issue or found it persuasive and adopted a more restrictive RFC. If the RFC is less restrictive than the Goodspeed's opinion, that may also constitute legal error. *See Jamie B. v. O'Malley*, No. 23-CV-01141-JLB, 2024 WL 1056023, at *6 (S.D. Cal. Mar. 11, 2024) (finding legal error where the RFC, which allowed for standing and walking "no more than 2 hours per day," deviated from a doctor's opinion that the plaintiff could only stand or walk "*less than* two hours in a workday" without explanation).

7

The commissioner argues that the ALJ diverged from Goodspeed's limitations because the ALJ found other medical opinions persuasive, including that of Dr. Beverly Yamour. (ECF Nos. 14 at 18; 18 at 3–4.) The ALJ's decision explains that it found Dr. Yamour's opinion, including her testimony that Mitchell can "occasionally bend and stoop" to be persuasive because it was supported by Mitchell's treatment history and consistent with evidence in the record. (AR 1378.) But the ALJ did not assert that Dr. Yamour's opinion was more persuasive than Goodspeed's or otherwise provide explanation for rejecting Goodspeed's limitations.

Although the ALJ's decision to reject Goodspeed's limitations may be supported by substantial evidence, including Dr. Yamour's opinion, the Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). An ALJ's decision must be reviewed "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The ALJ's failure to assert any reasons for rejecting Goodspeed's limitations on stooping constitutes legal error.

**B. Whether the error was harmless**

"A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). An error that is "inconsequential to the ultimate nondisability determination" is harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)). "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'" *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (citing *DeLorme v. Sullivan,* 924 F.2d 841, 850 (9th

8

Cir. 1991)).

Here, none of the vocational expert's hypotheticals reflected a limitation of no stooping. In fact, the hearing transcript suggests that the ALJ did not give the vocational expert a limitation of occasional stooping, despite Mitchell's testimony that when she stoops, her "nerves are crushed in [her] back, and then [her] right leg misfires, and [she] end[s] up falling." (AR 1409, 1420–23.) Mitchell explained during the hearing that her prior work involved "constant bending and stooping," which would cause her to become stiff and constantly fall. (AR 1409.)

Mitchell has also presented evidence suggesting that a limitation of no stooping could impact the findings at steps four and five. Social security guidance explains that "[a]n ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations" and "[a] *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply[.]" SSR 96–9P (S.S.A. July 2, 1996). Because the ALJ's legal error was not inconsequential to the ultimate nondisability determination, the Court finds that remand is appropriate.

It is less obvious that the deviation from Goodspeed's opinion on standing and walking—if there was a deviation—constitutes harmful legal error. However, the Court agrees with Mitchell that the ALJ's failure to clearly state walking and standing limitations in the RFC results in a material ambiguity which should be resolved on remand.

//
//
//
//
//
//

9

## IV. CONCLUSION

It is therefore ordered Judge Baldwin's Report and Recommendation (ECF No. 16) is adopted in part and rejected in part.

It is further ordered that Mitchell's motion to remand (ECF No. 11) is GRANTED.

This matter is remanded to the Social Security Administration for further proceedings consistent with this order.

The Clerk of the Court is directed to enter judgment and close this case.

DATED: March 26, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE